**IN THE STATE COURT OF GEORGIA**
**FULTON COUNTY**
**Civil Division**

**GABRIEL SMITH**
320 Baldwin Road Apartment 302
Odenton, Maryland 21113

**MAI AMIN**
320 Baldwin Road Apartment 302
Odenton, Maryland 21113

Plaintiffs,

vs.

**OFFICER MATTHEW P. ABAD**
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY
226 Peachtree St SW
Atlanta, Georgia 30303

And

**SERGEANT ANDREW MOLINE**
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY
226 Peachtree St SW
Atlanta, Georgia 30303

And

**OFFICER JOHN DOE**
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY
226 Peachtree St SW
Atlanta, Georgia 30303

And

CIVIL ACTION NO.
**25EV007602**

**CITY OF ATLANTA**
Serve: Andre Dickens, Mayor
55 Trinity Ave. SW, Suite 2200
Atlanta GA 30303

Defendants,

## CIVIL FIRST AMENDED COMPLAINT AND JURY TRIAL PRAYER

COMES NOW the Plaintiffs', Gabriel Smith and Mai Amin (hereinafter "Plaintiffs"), in proper person, sues the Defendants for constitutional violations. Specifically, this is a civil rights action under 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and Georgia law. The Plaintiff allege that he was illegally and unconstitutionally detained and arrested by Defendant Officers of the City of Atlanta Police Department, as further described below, and maliciously prosecuted in violation of the Fourth Amendment of the United States Constitution and Georgia law. Finally, Plaintiff alleges further violations of Georgia law by all defendants. Plaintiffs' incorporates all previously filed complaints, as if herein restated for reference. For their cause of action state:

## PARTIES/JURISDICTION

1.Plaintiff Gabriel Smith ("Plaintiff" or "Mr. Smith") is a natural person who, at all times relevant to this action, was a resident of Fulton County, Georgia, and is currently a resident of Anne Arundel County, Maryland. Mr. Smith is an individual of good character and reputation, who was lawfully present within the jurisdiction

of Fulton County at the times giving rise to this First Amended Complaint ("FAC"). Mr. Smith brings this action to seek redress for the violations of his constitutional and statutory rights, as well as for the physical, emotional, and economic injuries he suffered as a direct and proximate result of the acts and omissions described herein. At all relevant times, Mr. Smith was entitled to the protections of the laws of the State of Georgia and the United States Constitution, including but not limited to the right to be free from unlawful seizure, false arrest, excessive force, and the deprivation of liberty without due process of law. Mr. Smith's injuries, damages, and losses were foreseeable consequences of the wrongful conduct of Defendants, as set forth in this FAC.

2.Plaintiff Mai Amin ("Mrs. Amin") is a natural person who, at all times relevant to this action, was a resident of Anne Arundel County, Maryland. Mrs. Amin is the lawful spouse of Plaintiff Gabriel Smith, and asserts her claims herein for loss of consortium, including the loss of the love, companionship, society, solace, comfort, affection, and support of her husband, Plaintiff Smith, arising from the unlawful acts, omissions, and injuries set forth in the FAC. As a direct and proximate result of Defendants' conduct, Mrs. Amin has suffered and continues to suffer significant emotional distress, loss of consortium, and interference with her marital relationship. At all relevant times, Mrs. Amin was legally entitled to the

companionship and support of Mr. Smith, and her claims are asserted pursuant to the applicable laws of the State of Georgia and any other relevant jurisdiction.

3.Defendant Officer Matthew P. Abad ("Officer Abad") is, and at all times material to this action was, an officer employed by the City of Atlanta Police Department, whose principal offices are located at 226 Peachtree St SW, Atlanta, Georgia 30303, in Fulton County, Georgia. At all times relevant to this lawsuit, Officer Abad was acting under color of state law, in his capacity as a sworn law enforcement officer, and within the course and scope of his employment with the City of Atlanta Police Department. Officer Abad is sued both in his individual and official capacities. As a sworn police officer, Officer Abad was required and entrusted to uphold the laws of the State of Georgia and the United States Constitution, and to conduct himself in a manner consistent with his oath of office, his training, departmental policies, and generally accepted standards of law enforcement. Officer Abad had a non-delegable duty to the public, including to Plaintiff, to act reasonably, prudently, and with due regard for the rights, safety, and well-being of all persons, and to refrain from engaging in conduct that would violate statutory or constitutional rights. Officer Abad's duties included, but were not limited to, making arrests only upon probable cause, employing force only when objectively reasonable and necessary under the circumstances, and respecting the civil rights of individuals as protected by law. Officer Abad was further obligated to

exercise sound judgment, to investigate matters thoroughly and impartially, and to avoid reckless, negligent, or malicious acts while performing police functions. Moreover, Officer Abad had a fundamental and affirmative duty to be truthful and accurate in all official reports, sworn statements, affidavits, and documents submitted to the court—including, but not limited to, warrant applications, arrest reports, incident reports, affidavits of probable cause, pleadings, and any other filings associated with court proceedings. This duty of candor is not only required by departmental policy, but is essential to the proper functioning of the criminal justice system and the protection of individual rights. Any intentional misrepresentation, omission, or fabrication in such documents constitutes a serious breach of the public trust, undermines the integrity of the justice process, and exposes individuals to unlawful deprivations of liberty and other harms. At all times relevant to this FAC, Officer Abad was expected to utilize the knowledge, training, and experience acquired through his employment, and to adhere strictly to the professional and ethical standards governing law enforcement officers in the State of Georgia. Officer Abad's actions and omissions, as alleged herein, were inconsistent with these duties and obligations.

4. Defendant Sergeant Andrew Moline ("Sergeant Moline") is, and at all times material to this action was, employed by the City of Atlanta Police Department as a supervising officer, with the Department's principal offices located at 226 Peachtree

St SW, Atlanta, Georgia 30303, in Fulton County, Georgia. At all relevant times, Sergeant Moline was acting under color of state law, within the course and scope of his employment as a sworn supervisory officer of the City of Atlanta Police Department. Sergeant Moline is sued both in his individual and official capacities. Sergeant Moline was the direct supervisor of Officer Matthew P. Abad ("Officer Abad") and, as such, bore specific and heightened responsibilities for the oversight, conduct, training, and discipline of Officer Abad and other subordinate officers under his command.His supervisory duties included ensuring that subordinate officers adhered to all applicable laws, the United States Constitution, Georgia law, departmental regulations, and generally accepted standards of law enforcement, and acting as the [G]ate keeper to protect Plaintiff Smith's constitutional rights. In this capacity, Sergeant Moline had an affirmative, non-delegable duty to the public, including to Plaintiff Smith, to exercise reasonable care and sound judgment in supervising, evaluating, and reviewing the actions and official reports of officers under his authority. Sergeant Moline's responsibilities encompassed, but were not limited to, reviewing and approving incident reports, arrest reports, and applications for arrest warrants prepared by subordinate officers. At all times material to this action, Sergeant Moline personally reviewed, approved, and signed off on both the arrest warrant and the incident report prepared by Officer Abad, and was on the scene at the time of the arrest of Plaintiff Smith, thereby directly participating in and

authorizing the conduct at issue in this lawsuit. In doing so, Sergeant Moline was required to ensure the accuracy, completeness, and truthfulness of all official documents submitted to the court, and to verify that probable cause existed for any arrest warrant application or criminal charge advanced by his subordinates. Sergeant Moline had a duty, grounded in both law and departmental policy, to prevent, detect, and correct any unlawful, unreasonable, or unconstitutional conduct by officers under his supervision. This included a duty to intervene, to halt ongoing violations of rights, and to remedy any improper actions or misstatements set forth in official documents prior to their submission to judicial authorities. He was required to utilize his training, experience, and professional judgment to closely scrutinize the facts and representations presented by Officer Abad and to reject, amend, or investigate further where the circumstances or documentation failed to meet legal and ethical standards. Sergeant Moline's obligations extended to ensuring that official police documents, such as warrants, affidavits, and reports, were prepared in good faith, in accordance with the truth, and without material misrepresentation, omission, or fabrication. His duty of candor and diligence in this supervisory role is fundamental to the administration of justice and the protection of individual rights. By reviewing, approving, and authorizing the warrant and incident report in question, Sergeant Moline assumed direct responsibility for the lawfulness of those actions and for any resulting deprivation of Plaintiff's rights. At all times relevant to this Complaint,

Sergeant Moline was expected to act in accordance with the standards of care, training, and ethical obligations required of a supervisory law enforcement officer in the State of Georgia. Sergeant Moline's conduct as alleged herein, including his supervision, review, and approval of Officer Abad's actions and official documents, forms the basis for claims against him under theories of supervisory liability.

5. Defendant Officer John Doe ("Officer Doe") is, and at all times material to this action was, an officer employed by the City of Atlanta Police Department, with principal offices located at 226 Peachtree St SW, Atlanta, Georgia 30303, in Fulton County, Georgia. The true identity of Officer Doe is presently unknown to Plaintiff, and Plaintiff reserves the right to amend this Complaint to substitute Officer Doe's true name once it is ascertained. At all relevant times, Officer Doe acted under color of state law, in the course and scope of his employment as a sworn law enforcement officer with the City of Atlanta Police Department. Officer Doe is sued both in his individual and official capacities. As a sworn police officer, Officer Doe was required to uphold the laws of the State of Georgia and the United States Constitution, and to conduct himself at all times in accordance with his oath of office, his law enforcement training, departmental policies, and generally accepted standards of police practice. Officer Doe owed a non-delegable duty to the public, including Plaintiff, to act reasonably, prudently, and with due regard for the rights, safety, and well-being of all individuals, and to refrain from engaging in any conduct

that would violate statutory or constitutional rights. Officer Doe's responsibilities included, but were not limited to, making arrests only upon probable cause, using force only when objectively reasonable and necessary under the circumstances, and respecting the civil and constitutional rights of all persons encountered in the line of duty. Officer Doe was further obligated to exercise sound professional judgment, to investigate matters thoroughly and impartially, and to avoid reckless, negligent, or malicious actions while performing law enforcement functions. In addition, Officer Doe had an affirmative duty to be truthful and accurate in all official reports, sworn statements, affidavits, and documents filed with the court, including but not limited to warrant applications, arrest and incident reports, affidavits of probable cause, pleadings, and any other materials submitted in connection with judicial proceedings. This duty of candor and honesty is not only mandated by departmental policy but is fundamental to the proper functioning of the criminal justice system and the protection of individual rights. Any intentional misrepresentation, omission, or fabrication in such documents constitutes a grave breach of public trust, undermines the integrity of the justice system, and exposes individuals to unlawful deprivation of liberty and other serious harms. At all times relevant to this Complaint, Officer Doe was expected to apply the knowledge, training, and experience gained through his employment, and to adhere strictly to the professional, ethical, and legal standards governing law enforcement officers in the State of

Georgia. Officer Doe's actions and omissions, as alleged herein, were inconsistent with these duties and obligations.

6.Defendant City of Atlanta ("the City") is a municipal corporation duly organized and existing under the laws of the State of Georgia, with its principal offices located at 55 Trinity Avenue SW, Atlanta, Georgia 30303, in Fulton County, Georgia. The City of Atlanta is responsible for establishing, maintaining, and operating the Atlanta Police Department ("APD") and for the hiring, training, supervision, retention, and discipline of its law enforcement officers, including Defendants Officer Matthew P. Abad, Sergeant Andrew Moline, Officer John Doe, and all other officers acting under its authority. The City is also responsible for promulgating and enforcing official policies, procedures, customs, and practices governing the conduct of its police officers, as well as for the implementation and oversight of departmental training and internal investigation mechanisms. At all times relevant to this action, the City of Atlanta, through its elected officials, policymakers, and supervisory personnel, exercised direct and indirect control over the operations and conduct of the APD, including but not limited to the establishment and enforcement of policies related to arrests, use of force, truthfulness in official reporting, and respect for constitutional rights. The City, acting through its agents, was responsible for ensuring that officers were adequately trained regarding the requirements of Georgia law, the United States Constitution, and the lawful

execution of their duties. This included the duty to provide proper education and instruction on the necessity of probable cause for arrests, the appropriate use of force, the preparation and submission of truthful and accurate reports and affidavits, and the protection of all individuals' civil rights. The City of Atlanta had a further duty to adopt, implement, and monitor systems of accountability for its officers, and to investigate, discipline, and correct misconduct, including fabrication or omission of material facts in official documents, unreasonable or unlawful uses of force, and violations of constitutional or statutory rights by APD personnel. The City, through its policymakers and supervisors, was required to ensure that officers who engaged in misconduct were properly supervised, investigated, and, where appropriate, retrained, disciplined, or removed from service. At all relevant times, the City was on notice—or, in the exercise of reasonable care, should have been on notice—of patterns, practices, or customs within the APD that posed a substantial risk of constitutional violations, including the failure to supervise or discipline officers, the toleration of untruthful reporting, and the inadequate training of officers in lawful arrest procedures and the protection of individual rights. The City's failure to take adequate corrective action, or its maintenance of policies, customs, or practices that were the moving force behind the unlawful conduct described herein, constitutes deliberate indifference to the rights of Plaintiff and others similarly situated. The City of Atlanta is sued directly for its own acts and omissions, including but not

limited to its failure to properly train, supervise, and discipline its officers, its promulgation or tolerance of unconstitutional customs, policies, or practices, and its deliberate indifference to the foreseeable consequences of such failures. The City is also sued as the employer and principal of Defendants Officer Abad, Sergeant Moline, Officer Doe, and all other APD personnel involved in the events giving rise to this action, under the doctrine of respondeat superior and as permitted by law. All actions and omissions complained of herein were undertaken by APD personnel acting under color of law, within the scope of their employment, and pursuant to the policies, customs, and practices of the City of Atlanta.

7. On April 4, 2025, Plaintiffs served the Defendant, City of Atlanta, with an Ante Litem notice in accordance with the requirements set forth by Georgia law. Plaintiffs' notice was timely, as the underlying prosecution concluded on October 14, 2024. Accordingly, all conditions precedent to the commencement of this action have been satisfied, and Plaintiffs have fully complied with all statutory prerequisites necessary to pursue their claims against the City of Atlanta.

## FACTUAL ALLEGATIONS

8.On July 21, 2023, officers from the Atlanta Police Department's Narcotics Unit, including Defendants Officer Matthew P. Abad, Officer John Doe, and Sergeant Andrew Moline, executed a search warrant at 489 Cairo Street, N.W. in Atlanta, Georgia (the "subject property"). Plaintiff Gabriel Smith had no ownership

interest, leasehold, or any legal or equitable claim to the subject property, nor did he reside there. Plaintiff Smith's connection to the location was minimal and did not extend to control or dominion over the premises.

9.Upon arrival at the subject property, Defendant Officers ordered all occupants, including Plaintiff Smith, to exit the premises. Plaintiff Smith immediately complied without hesitation, resistance, or objection. He followed all commands promptly and did not attempt to evade law enforcement or interfere with the execution of the search warrant. Plaintiff Smith's demeanor was cooperative and respectful throughout the encounter.

10.After exiting the subject property, Defendant Officers detained Plaintiff Smith and conducted a search of his person. During the search, the officers located a firearm that Plaintiff Smith legally possessed under Georgia law. Plaintiff Smith was authorized to carry the firearm and was not subject to any prohibitions or restrictions. At the time, Plaintiff Smith was serving as an active member of the United States Armed Forces, further demonstrating his law-abiding status.

11.At no point during the search or detention was Plaintiff Smith observed engaging in any illegal conduct or suspicious behavior. No illegal narcotics, paraphernalia, or other contraband were found on Plaintiff Smith or in his immediate vicinity. Defendant Officers had no reasonable or articulable suspicion, let alone probable cause, to believe Plaintiff Smith was involved in criminal activity.

12.According to the incident report prepared by Defendant Officers, illicit drugs were discovered inside the subject property. However, these drugs were identified as belonging exclusively to other persons associated with the premises. There was no evidence or indication that Plaintiff Smith possessed or exercised control over the drugs or that he had knowledge of their presence.

13.Despite the absence of probable cause, Defendant Officers arrested Plaintiff Smith and falsely charged him with multiple serious offenses, including trafficking heroin, trafficking cocaine, unlawful possession of marijuana with intent to distribute, possession of methamphetamine with intent to distribute, and possession of a firearm during the commission of a felony. The arrest report, warrant affidavit, and grand jury testimony contained material inaccuracies and omissions. Defendant Officers knowingly or recklessly included false information and excluded exculpatory facts that would have negated any reasonable belief that Plaintiff Smith committed a crime.

14.Plaintiff Smith's arrest and detention occurred outside the subject property. No illegal substances were recovered on his person. Officer Abad's report specifically noted that Plaintiff Smith possessed only a legally owned firearm, house keys, and a blue iPhone—none of which supported any charge related to narcotics or trafficking.

15.On July 21, 2023, Officer Abad swore out an arrest warrant falsely asserting that Plaintiff Smith was in possession of illicit drugs discovered inside the subject property. Officer Abad also testified before the grand jury, presenting information without a factual basis or reasonable investigation, which directly resulted in Plaintiff Smith's indictment on multiple felony counts.

17.Defendant Officers did not execute the warrant with all defendants present inside the home. They lacked a good faith basis to charge or prosecute Plaintiff Smith, as they were aware, or should have been aware, that Plaintiff Smith was neither in possession nor control of the narcotics found. The officers failed to conduct a thorough, impartial investigation prior to arresting and charging Plaintiff Smith.

18.Plaintiff Smith had no ownership, leasehold, or custodial relationship with the subject property. Defendant Officers possessed no evidence or reasonable basis to believe otherwise. The absence of such a connection is critical, as constructive possession under Georgia law requires the power and intent to exercise control over contraband, neither of which Plaintiff Smith had.

19.Defendant Officers did not observe Plaintiff Smith engaging in any criminal activity, nor did they find narcotics or contraband on his person, nor within his immediate control. Upon Plaintiff Smith's arrival at the police station, Defendant Officer Abad improperly stated that Plaintiff Smith was "guilty by association," a

statement lacking any legal foundation and evidencing the officers' recognition of the absence of lawful grounds for the arrest.

20.As a direct consequence of these false allegations and improper charges, Plaintiff Smith endured criminal prosecution for more than one year. Throughout this period, Plaintiff Smith was compelled to defend himself against serious felony charges without any credible evidence, and he rejected multiple plea offers that were unsupported by facts.

21.On October 14, 2024, after the State failed to present any credible or admissible evidence connecting Plaintiff Smith to the alleged offenses, the Fulton County District Attorney's Office entered a Nolle Prosequi on all charges, and the Superior Court of Fulton County dismissed the case. A reasonable review of available evidence would have revealed the absence of probable cause and the impropriety of Plaintiff Smith's arrest and prosecution.

22.The conduct of the Atlanta Police Department and its officers violated Plaintiff Smith's constitutional and statutory rights, including protections under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the Georgia Constitution. These violations also give rise to claims of false arrest, false imprisonment, malicious prosecution, negligent supervision, and negligent training.

23.The false arrest and malicious prosecution caused substantial and continuing harm to Plaintiff Smith's personal and professional life. Following his arrest, he was terminated from his position with Delta Airlines Security, where he maintained a history of exemplary performance. His parallel career in photography was similarly destroyed due to the false charges and associated stigma. Plaintiff Smith's opportunity for employment with the DC Metropolitan Police Department — a position for which he was highly qualified based on his security and military background — was irreparably lost. Moreover, Plaintiff Smith has sustained catastrophic financial losses, including severe deterioration of his credit standing and inability to meet financial obligations. He has suffered and continues to suffer profound emotional distress, including anxiety, depression, and insomnia, necessitating ongoing medical and psychological treatment.

24.The harm to Plaintiff Smith's personal life has been severe. His marriage to Plaintiff Mai Amin has suffered significant and irreparable damage, including loss of consortium and substantial strain on their relationship. Plaintiff Smith's reputation in his community, established over years of honest work and civic involvement, has been severely damaged.

**COUNT I**
**42 U.S.C. § 1983: UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT**
**(As to Defendants Moline, Doe and Abad)**

25.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

26.At all times relevant to this action, Plaintiff Gabriel Smith was entitled to the protections of the Fourth Amendment to the United States Constitution, which guarantees the right to be free from unreasonable searches and seizures. This right is enforceable against the Defendant Officers pursuant to 42 U.S.C. § 1983.

27.On July 21, 2023, Defendant Officers Matthew P. Abad, John Doe, and Sergeant Andrew Moline, acting under color of state law and within the scope of their employment with the Atlanta Police Department, executed a search warrant at 489 Cairo Street, N.W., Atlanta, Georgia. During the execution of this warrant, Defendant Officers ordered Plaintiff Smith to exit the residence, detained him, and subjected him to a search of his person.

28.Plaintiff Smith fully complied with all police commands, presented no threat or resistance, and at no point engaged in any unlawful activity. The search of Plaintiff Smith's person yielded only a lawfully possessed firearm, house keys, and a blue iPhone. At all times relevant, Plaintiff Smith was legally authorized to possess a firearm in the State of Georgia and was not otherwise prohibited by law from doing so.

29.Defendant Officers did not observe Plaintiff Smith in possession of, or in proximity to, any illicit drugs or contraband, nor did they witness Plaintiff Smith

engaging in any conduct that would provide probable cause for arrest. The incident report prepared by Defendant Officers indicated that any illicit drugs discovered at the subject property were not in the possession or control of Plaintiff Smith, nor were they found on his person or in his immediate vicinity.

30.Despite this lack of evidence, Defendant Officers arrested Plaintiff Smith, handcuffed him, and transported him to jail. The arrest was based on false and unsupported allegations that Plaintiff Smith was engaged in trafficking heroin, trafficking cocaine, unlawful possession of marijuana with intent to distribute, possession of methamphetamine with intent to distribute, and possession of a firearm during the commission of a felony. In truth, Plaintiff Smith was not in possession, actual or constructive, of any illicit drugs, and there was no basis to believe he was engaged in any criminal conduct.

31.Defendant Officer Abad subsequently swore out an arrest warrant for Plaintiff Smith, falsely attesting under oath that Plaintiff Smith had been in possession of illicit drugs found inside the home. Defendant Sergeant Moline reviewed and approved the incident report and warrant application, thereby ratifying and authorizing the unlawful seizure. Defendant Officer Doe participated in the detention, search, and arrest of Plaintiff Smith, despite the absence of probable cause.

32.The seizure and arrest of Plaintiff Smith were objectively unreasonable under the circumstances and were conducted without probable cause or legal justification. No reasonable officer in the position of Defendants could have believed, based on the facts known at the time, that there was probable cause to arrest or detain Plaintiff Smith.

33.As a direct and proximate result of the unlawful seizure, Plaintiff Smith was deprived of his liberty, subjected to criminal prosecution for over a year, and suffered significant harm, including loss of employment, irreparable damage to his reputation, severe emotional distress, financial loss, and loss of consortium.

34.The conduct of Defendant Officers as described herein was willful, wanton, malicious, and in reckless disregard of Plaintiff Smith's constitutional rights. Defendant Officers acted knowingly or with deliberate indifference to the clear lack of probable cause, and their actions were the moving force behind the constitutional deprivation suffered by Plaintiff Smith.

35.By reason of the foregoing, Defendant Officers are liable to Plaintiff Smith pursuant to 42 U.S.C. § 1983 for unlawful seizure in violation of the Fourth Amendment.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $10,000,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper. Moreover, the aforementioned

misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

**COUNT II**
**42 U.S.C. § 1983: MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT**
**(As to Defendants Moline, Doe and Abad)**

36.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

37.At all times relevant to this action, Plaintiff Gabriel Smith was entitled to the protections of the Fourth Amendment to the United States Constitution, including the right to be free from unlawful seizure and malicious prosecution by government officials acting under color of state law. These protections are actionable under 42 U.S.C. § 1983.

38.On July 21, 2023, Defendants Officer Matthew P. Abad, Officer John Doe, and Sergeant Andrew Moline, acting jointly and under color of law, initiated a criminal prosecution against Plaintiff Smith by arresting him without probable cause and causing the filing of formal criminal charges, including Trafficking in Heroin, Trafficking in Cocaine, Possession of Marijuana with Intent to Distribute, Possession of Methamphetamine with Intent to Distribute, and Possession of a Firearm During the Commission of a Felony.

39.The criminal prosecution was based upon knowingly false statements and material omissions by the Defendant Officers, including sworn statements by Officer Abad in the arrest warrant and incident report, and the ratification and approval of these documents by Sergeant Moline. Defendant Officers asserted, without factual basis, that Plaintiff Smith was in possession of illicit drugs found in the subject property, despite the absence of any evidence linking Plaintiff Smith to these substances or to any alleged criminal activity.

40.Defendant Officers failed to conduct an adequate or impartial investigation, disregarded readily available evidence exculpating Plaintiff Smith, and instead fabricated or misrepresented material facts in official documents filed with the court. The Defendant Officers acted with malice and with a reckless disregard for the truth, knowing that Plaintiff Smith was not in possession of any drugs, was lawfully present, and was legally authorized to possess a firearm.

41.As a direct result of the actions of Defendant Officers, Plaintiff Smith was arrested, incarcerated, and subjected to a prolonged criminal prosecution which persisted for over a year. During this time, Plaintiff Smith was forced to defend himself against baseless charges, rejected multiple plea offers, and endured the anxiety, stigma, and loss associated with pending criminal proceedings.

42.The prosecution of Plaintiff Smith terminated in his favor on October 14, 2024, when the Fulton County District Attorney's Office entered a Nolle Prosequi

as to all charges, and the Superior Court of Fulton County formally dismissed the case. This favorable termination further underscores the absence of probable cause and the malicious nature of the prosecution pursued by Defendant Officers.

43.The malicious prosecution of Plaintiff Smith was undertaken without probable cause, was motivated by malice, was supported by false statements and fabricated evidence, and resulted in a deprivation of liberty in violation of the Fourth Amendment.

44.As a direct and proximate result of Defendant Officers' conduct, Plaintiff Smith suffered significant harm, including loss of liberty, loss of employment opportunities, irreparable damage to his reputation, severe emotional distress, financial loss, and loss of consortium.

45.The conduct of Defendant Officers as described herein was intentional, willful, wanton, and in reckless disregard of Plaintiff Smith's constitutional rights. Defendant Officers either knew or should have known that their conduct would result in the unlawful prosecution and deprivation of Plaintiff Smith's liberty interests.

46.By reason of the foregoing, Defendant Officers are liable to Plaintiff Smith pursuant to 42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth Amendment.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $10,000,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper. Moreover, the aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

**COUNT III**
**MUNICIPAL LIABILITY – 42 U.S.C. § 1983**
**(As to Defendant City of Atlanta)**

47.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

48.At all times relevant to this action, Defendant City of Atlanta ("the City") was and is a municipal corporation organized under the laws of the State of Georgia, with the authority to establish, maintain, and operate the Atlanta Police Department ("APD") and to set policies, procedures, customs, and practices governing its operation.

49.The City, acting through its policymakers and supervisory officials, had a duty to ensure that its officers, including Defendants Officer Matthew P. Abad, Sergeant Andrew Moline, and Officer John Doe, were properly trained, supervised, and disciplined, and that its policies, customs, and practices conformed to the requirements of the United States Constitution and federal law.

50.At all relevant times, the City was responsible for promulgating, implementing, and enforcing official policies and customs relating to arrests, searches and seizures, investigation of criminal offenses, preparation of official reports, the use of force, and the filing of charges and supporting documents in judicial proceedings.

51.The City maintained, either expressly or through deliberate indifference, policies, customs, and practices that encouraged, authorized, or permitted its officers to engage in unlawful arrests, detentions, and prosecutions without probable cause, as well as to submit false, misleading, or incomplete information in affidavits, incident reports, and warrant applications.

52.The City failed to adequately train its officers regarding the constitutional requirements of probable cause, objective standards for arrest and detention, the legal and ethical obligations to provide truthful and accurate information in official documents, and the necessity of conducting thorough and impartial investigations before initiating criminal charges.

53.The City further failed to establish and enforce adequate systems of supervision, review, and accountability for officers involved in the preparation and approval of warrants, incident reports, and other documents relied upon by courts in making probable cause determinations and authorizing deprivation of liberty.

54.The City was on notice—by virtue of prior complaints, lawsuits, internal investigations, and/or obvious risks associated with the nature of police work—of a pattern or widespread practice by APD officers of making arrests without probable cause, filing false or misleading reports, and pursuing criminal charges absent sufficient evidence. Despite this knowledge, the City failed to take reasonable steps to correct, discipline, or remediate such unconstitutional conduct.

55.The acts and omissions of Officer Abad, Sergeant Moline, and Officer Doe as described herein, including the unlawful detention, arrest, and prosecution of Plaintiff Smith based on false and unsupported allegations, were undertaken pursuant to the policies, customs, and practices of the City, or were directly caused by the City's deliberate indifference to the risk of constitutional violations by its officers.

56.The City's failures in training, supervision, discipline, and internal controls were the moving force behind the constitutional injuries suffered by Plaintiff Smith, including but not limited to violations of his Fourth and Fourteenth Amendment rights to be free from unreasonable seizures, false arrest, malicious prosecution, and deprivation of liberty without due process of law.

57.As a direct and proximate result of the City's unconstitutional policies, customs, and practices, Plaintiff Smith suffered substantial harm, including loss of

liberty, loss of employment, devastation of his professional and personal reputation, severe emotional distress, financial loss, and loss of consortium.

58.By reason of the foregoing, Defendant City of Atlanta is liable to Plaintiff Smith under 42 U.S.C. § 1983 for its unconstitutional policies, customs, practices, and deliberate indifference to the rights of individuals within its jurisdiction.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $1,000,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper.

**COUNT IV**
**O.C.G.A. § 51-7-40: MALICIOUS PROSECUTION**
**(As to Defendants Moline, Doe, and Abad)**

60.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

61.At all times relevant to this action, Defendant Officers Matthew P. Abad, John Doe, and Sergeant Andrew Moline were acting within the course and scope of their employment with the Atlanta Police Department, and under color of law, subject to the laws of the State of Georgia.

62.Under O.C.G.A. § 51-7-40, a cause of action for malicious prosecution arises when a criminal prosecution is carried on maliciously and without any probable cause, and has terminated in favor of the accused.

63.On July 21, 2023, Defendant Officers initiated and continued a criminal prosecution against Plaintiff Gabriel Smith by arresting him without probable cause and causing formal charges to be filed for Trafficking in Heroin, Trafficking in Cocaine, Possession of Marijuana with Intent to Distribute, Possession of Methamphetamine with Intent to Distribute, and Possession of a Firearm During the Commission of a Felony.

64.Defendant Officers, individually and in concert, knowingly made false and misleading statements in official police reports and sworn affidavits, including statements that Plaintiff Smith was in possession of illicit drugs located inside the subject property. In truth, Plaintiff Smith was not in possession of, or connected to, any illegal substances, and no evidence was found on his person or in his control. Defendant Officers had no factual or legal basis to believe that Plaintiff Smith had committed any crime.

65.Defendant Officer Abad swore out a warrant for Plaintiff Smith's arrest containing false representations and material omissions, which were ratified and approved by Defendant Sergeant Moline. Defendant Officer Doe participated in the arrest and the preparation of the incident report, furthering the malicious prosecution of Plaintiff Smith.

66.Defendants acted with actual malice, in reckless disregard for the truth and for Plaintiff Smith's rights, and with the intention of subjecting Plaintiff Smith to

criminal prosecution despite knowing that no probable cause existed for the charges alleged.

67.As a direct result of Defendants' actions, Plaintiff Smith was arrested, incarcerated, and subjected to criminal prosecution for over a year. He was compelled to defend himself against baseless charges and suffered the anxiety, expense, and stigma of being wrongfully accused of serious felonies.

68.On October 14, 2024, the prosecution against Plaintiff Smith was terminated in his favor when the Fulton County District Attorney's Office entered a Nolle Prosequi on all charges and the Superior Court of Fulton County dismissed the case. This termination in Plaintiff's favor is a necessary element of, and further supports, his claim for malicious prosecution under Georgia law.

69.As a direct and proximate result of Defendant Officers' malicious prosecution, Plaintiff Smith suffered substantial harm, including deprivation of liberty, loss of employment, damage to his personal and professional reputation, emotional distress, financial loss, and loss of consortium.

70.The conduct of Defendant Officers as alleged herein was intentional, willful, wanton, and in reckless disregard of Plaintiff Smith's legal rights.

71.By reason of the foregoing, Defendant Officers are liable to Plaintiff Smith for malicious prosecution under O.C.G.A. § 51-7-40.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $25,000,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper. Moreover, the aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

**COUNT V**
**BATTERY**
**(As to All Officer Defendants)**

72.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

73.At all times relevant to this action, Defendant Officers Matthew P. Abad, John Doe, and Sergeant Andrew Moline were acting within the course and scope of their employment with the Atlanta Police Department and under color of law. Despite their authority as law enforcement officers, they remained subject to the laws of the State of Georgia governing the use of physical force and the protection of individual rights.

74.Under Georgia law, battery is defined as the intentional and unauthorized touching of another person in a harmful, offensive, or insulting manner. Law enforcement officers are not privileged to use force against an individual absent legal

justification, such as probable cause for arrest or a reasonable belief that the force used is necessary.

75. On July 21, 2023, during the execution of the search warrant at 489 Cairo Street, N.W., Defendant Officers ordered Plaintiff Gabriel Smith from the subject property, detained him, and physically searched his person. In the course of this detention and arrest, Defendant Officers intentionally made physical contact with Plaintiff Smith, including restraining him, placing him in handcuffs, and conducting a search of his person.

76. At all times during the seizure and arrest, Plaintiff Smith was compliant, non-threatening, and did not resist the Defendant Officers in any way. Plaintiff Smith was not engaged in any criminal activity, and the Defendant Officers had no probable cause or reasonable basis to believe that Plaintiff Smith had committed any offense.

77. The physical contact initiated by Defendant Officers—specifically the act of seizing, restraining, handcuffing, and searching Plaintiff Smith—was not legally justified, as the arrest and detention were wholly without probable cause or lawful basis. The use of force and physical restraint under these circumstances constituted an unauthorized and offensive touching, amounting to battery under Georgia law.

78. As a result of this unlawful and offensive physical conduct, Plaintiff Smith suffered physical discomfort, humiliation, emotional distress, and mental anguish.

The experience of being forcibly restrained, handcuffed, and searched in the absence of any lawful basis caused Plaintiff Smith significant psychological injury and contributed to the broader damages alleged herein.

79.The acts of Defendant Officers as described were intentional, willful, and in reckless disregard for Plaintiff Smith's rights and dignity.

80.By reason of the foregoing, Defendant Officers are liable to Plaintiff Smith for battery under the laws of the State of Georgia.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $1,000,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper. Moreover, the aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

## COUNT VI
## FALSE ARREST
## (As to All Officer Defendants)

81.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

82.At all times relevant to this action, Defendant Officers Matthew P. Abad, John Doe, and Sergeant Andrew Moline were acting within the course and scope of their employment with the Atlanta Police Department and under color of law. Despite their authority as law enforcement officers, they remained subject to the

laws of the State of Georgia, including those prohibiting false arrest and unlawful detention.

83.Under Georgia law, false arrest is defined as the unlawful detention of the person of another for any length of time, whereby that person is deprived of his personal liberty, without legal justification or probable cause. Law enforcement officers are not permitted to detain or arrest an individual unless there exists actual probable cause to believe that the individual has committed an offense.

84.On July 21, 2023, during the execution of a search warrant at 489 Cairo Street, N.W., Defendant Officers ordered Plaintiff Gabriel Smith from the subject property, detained, and searched him. At all times, Plaintiff Smith fully complied with the Defendant Officers' commands and presented no threat or resistance. The search of Plaintiff Smith's person revealed only a legally owned firearm, house keys, and a blue iPhone. No illicit drugs or contraband were found on Plaintiff Smith or in his immediate vicinity.

85.Defendant Officers did not witness Plaintiff Smith engaged in any criminal activity, nor did they have any factual or legal basis to believe he had committed or was committing a crime. The incident report prepared by Defendant Officers indicated that any illicit drugs discovered during the search of the subject property belonged to an individual other than Plaintiff Smith and were not found on his person or within his control or possession.

86.Despite the total absence of probable cause, Defendant Officers intentionally and unlawfully detained, restrained, and arrested Plaintiff Smith. Plaintiff Smith was handcuffed, transported to jail, and charged with multiple serious felony offenses, including Trafficking in Heroin, Trafficking in Cocaine, Possession of Marijuana with Intent to Distribute, Possession of Methamphetamine with Intent to Distribute, and Possession of a Firearm During the Commission of a Felony—all without any factual or legal justification.

87.Defendant Officer Abad subsequently swore out an arrest warrant containing false statements and material omissions, which were ratified and approved by Defendant Sergeant Moline. Defendant Officer Doe participated in the detention, arrest, and preparation of the incident report, further perpetuating the unlawful arrest of Plaintiff Smith.

88.The actions of Defendant Officers in detaining and arresting Plaintiff Smith were willful, wanton, malicious, and in reckless disregard for his rights under Georgia law. No objectively reasonable law enforcement officer could have believed there was probable cause to detain or arrest Plaintiff Smith under the circumstances.

89.As a direct and proximate result of the false arrest, Plaintiff Smith was deprived of his liberty, wrongfully incarcerated, subjected to criminal prosecution, and suffered severe emotional distress, humiliation, damage to his reputation, loss

of employment and professional opportunities, financial loss, and loss of consortium.

90.By reason of the foregoing, Defendant Officers are liable to Plaintiff Smith for false arrest under the laws of the State of Georgia.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $1,000,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper. Moreover, the aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

**COUNT VII**
**SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983**
**(As to Defendant Sergeant Andrew Moline)**

91.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

92.At all times relevant to this action, Defendant Sergeant Andrew Moline was a sworn supervisory officer employed by the Atlanta Police Department, acting under color of state law and within the course and scope of his official duties.

93.Sergeant Moline was the direct supervisor of Defendant Officer Matthew P. Abad and Defendant Officer John Doe, and was present on scene during the execution of the search warrant at 489 Cairo Street, N.W. on July 21, 2023. As a supervising officer, Sergeant Moline bore heightened responsibilities both to

oversee the conduct of subordinate officers and to ensure all law enforcement actions complied with the United States Constitution, federal law, and the standards of the Atlanta Police Department.

94.Sergeant Moline actively participated in the planning, execution, and aftermath of the search warrant, including the detention, search, and ultimate arrest of Plaintiff Gabriel Smith. Sergeant Moline was personally present during the events giving rise to this Complaint and observed, or had the opportunity to observe, all relevant interactions between Plaintiff Smith and the other Defendant Officers.

95.Sergeant Moline had a non-delegable duty to intervene and prevent constitutional violations perpetrated by his subordinates. He was obligated by law and departmental policy to ensure that all detentions and arrests were supported by probable cause, that no individual was charged based on false or misleading statements, and that all official documents accurately reflected the facts.

96.Despite these duties, Sergeant Moline failed to intervene, prevent, or correct the unlawful seizure, arrest, and prosecution of Plaintiff Smith, even though he knew—or reasonably should have known—that Plaintiff Smith was not engaged in any criminal activity, that no illicit drugs or contraband were found on his person, and that there was no probable cause to support any of the charges.

97.Further, Sergeant Moline ratified and approved the official police reports, warrant affidavits, and charging documents prepared by Officer Abad, which falsely

accused Plaintiff Smith of possessing and trafficking illicit drugs and participating in other criminal activity. Sergeant Moline reviewed, signed off on, and authorized the submission of these documents to judicial authorities, thereby directly contributing to the initiation and continuation of criminal proceedings against Plaintiff Smith.

98.Sergeant Moline's conduct was not limited to mere supervisory oversight. He was an active participant in the events at issue, personally involved in the decision-making processes leading to Plaintiff Smith's detention and arrest, and instrumental in the perpetuation of false and baseless criminal charges.

99.By failing to supervise, intervene, or correct the constitutional violations of his subordinates, and by personally participating in and authorizing the unlawful actions against Plaintiff Smith, Sergeant Moline acted with deliberate indifference to Plaintiff Smith's Fourth and Fourteenth Amendment rights. Sergeant Moline's actions and omissions were a moving force behind the constitutional injuries suffered by Plaintiff Smith.

100.As a direct and proximate result of Sergeant Moline's supervisory failures, participation, and ratification of unlawful conduct, Plaintiff Smith was subjected to unlawful seizure, false arrest, malicious prosecution, and significant personal and professional harm.

101.By reason of the foregoing, Defendant Sergeant Andrew Moline is liable to Plaintiff Smith for supervisory liability under 42 U.S.C. § 1983 for violations of Plaintiff Smith's constitutional rights.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $1,000,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper. Moreover, the aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

**COUNT VIII**
**VIOLATION OF THE GEORGIA CONSTITUTION: ARTICLE I, SECTION I, PARAGRAPH XIII**
**(Unreasonable Search and Seizure – As to All Officer Defendants)**

102.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

103.Article I, Section I, Paragraph XIII of the Georgia Constitution guarantees the right of every person to be secure in their person, house, papers, and effects against unreasonable searches and seizures.

104.At all times relevant hereto, Plaintiff Gabriel Smith was entitled to the protections of Paragraph XIII. Defendant Officers, acting under color of law and in their official capacities, detained, searched, and arrested Plaintiff Smith without

probable cause, subjecting him to an unreasonable and unlawful seizure within the meaning of the Georgia Constitution.

105.Defendant Officers had no factual or legal basis to believe that Plaintiff Smith had committed or was committing any crime. The search and seizure of Plaintiff Smith were conducted without a warrant supported by probable cause as to him, and no exigent circumstances existed to justify his arrest or detention.

106.As a direct and proximate result of Defendants' actions, Plaintiff Smith suffered deprivation of liberty, emotional distress, damage to reputation, loss of employment, and other damages as alleged herein.

107.By reason of the foregoing, Defendant Officers are liable to Plaintiff Smith for violation of his rights under Article I, Section I, Paragraph XIII of the Georgia Constitution.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $1,000,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper. Moreover, the aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

**COUNT IX**
**LOSS OF CONSORTIUM – O.C.G.A. § 51-12-9**
**(On Behalf of Plaintiff Mai Amin)**
**(Against all Defendants)**

108.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

109.At all times relevant to this action, Plaintiff Mai Amin was and is the lawful spouse of Plaintiff Gabriel Smith.

110.Under O.C.G.A. § 51-12-9, a spouse has a separate and independent cause of action for loss of consortium when the defendant's wrongful acts deprive the spouse of the society, companionship, love, affection, comfort, and services of their partner.

111.As a direct and proximate result of the unlawful acts and omissions of the Defendant Officers, as described throughout this Complaint—including but not limited to the unlawful detention, false arrest, malicious prosecution, and attendant humiliation and distress inflicted upon Plaintiff Gabriel Smith—Plaintiff Mai Amin has suffered and continues to suffer the loss of her husband's companionship, society, affection, solace, and support.

112.Plaintiff Mai Amin's marital relationship with Plaintiff Smith has been severely and irreparably damaged. She has been deprived of the normal enjoyment of their marriage, has endured significant emotional distress and anxiety, and has been forced to witness the suffering of her husband as a result of Defendants' conduct.

113.The emotional and psychological impact upon Plaintiff Mai Amin has been significant, including but not limited to loss of sleep, anxiety, depression, and a reduction in the quality of family and marital life.

114.By reason of the foregoing, Defendants are liable to Plaintiff Mai Amin for loss of consortium as provided by O.C.G.A. § 51-12-9.

WHEREFORE, Plaintiff prays for judgement against the Defendant jointly and severally for $2,500,000, plus cost of suit incurred, and for such other and further relief as may be deemed just and proper. Moreover, the aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of the Defendants.

**COUNT X**
**DECLARATORY JUDGMENT AND**
**EXPUNGEMENT/SANITIZATION OF CRIMINAL RECORD**
**(On Behalf of Plaintiff Gabriel Smith)**

115.Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

116.This is an action for declaratory relief pursuant to O.C.G.A. § 9-4-2 and for such further equitable relief as this Court deems just and proper.

117.As set forth in the preceding counts, Plaintiff Gabriel Smith was unlawfully arrested, detained, and prosecuted by Defendants, despite the absence of probable cause and in violation of his constitutional and statutory rights. All charges

against Plaintiff Smith were ultimately dismissed by entry of a Nolle Prosequi on October 14, 2024, in the Superior Court of Fulton County, Georgia.

118.Notwithstanding the dismissal, Plaintiff Smith continues to suffer ongoing, irreparable harm as a direct result of the existence of a criminal record relating to the wrongful arrest and prosecution. This publicly accessible record has caused, and continues to cause, significant damage to Plaintiff Smith's personal and professional reputation, loss of employment opportunities, emotional distress, and interference with his ability to secure housing, credit, and other rights and privileges.

119.There is an actual, substantial, and justiciable controversy between Plaintiff Smith and Defendants regarding the propriety of maintaining a public criminal record arising from unlawful and baseless charges that were terminated in Plaintiff's favor.

120.Pursuant to O.C.G.A. § 35-3-37 and this Court's inherent equitable authority, Plaintiff Smith is entitled to a declaration that the maintenance of a public criminal record under these circumstances is unlawful, unjust, and contrary to the interests of justice, and that the record should be sealed, expunged, or otherwise sanitized to prevent further harm.

122.Plaintiff Smith has no adequate remedy at law to address the continuing harm caused by the existence of these records, and the relief sought herein is

necessary to protect his constitutional and statutory rights and to afford him complete justice.

WHEREFORE, Plaintiff Gabriel Smith respectfully requests that this Court:

a. Enter a declaratory judgment that the continued maintenance of a public criminal record arising from the events described herein is improper and unlawful;

b. Order the expungement, sealing, or sanitization of all records relating to Plaintiff Smith's arrest, charges, and prosecution in connection with the July 21, 2023 incident;

c. Direct the appropriate agencies, including but not limited to the Atlanta Police Department, the Fulton County District Attorney's Office, and the Georgia Crime Information Center, to take all steps necessary to remove or restrict public access to these records;

d. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Gabriel Smith

**GABRIEL SMITH**
PRO-SE PLAINTIFF

//s/ Mai Amin

**MAI AMIN**
PRO-SE PLAINTIFF

320 Baldwin Road Apartment 302
Odenton, Maryland 21113
717-414-3441
Fax: 443-213-1480
Email: smith.gtaylor21@gmail.com
Email: maiamin@icloud.com