FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 10 2025

KEVIN P. WEIMER, Clerk
By               Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Civil Division

**GABRIEL SMITH**, *et al*

    Plaintiffs,

vs.

**OFFICER MATTHEW P. ABAD,** *et al*

    Defendants,

Case No.: 1:25-cv-06152-SCJ

## MOTION TO STRIKE EXTRINSIC MATERIALS FILED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**NOW COMES,** Plaintiffs, Gabriel Smith and Mai Amin (the "Plaintiffs"), appearing pro se, and respectfully move this Honorable Court to strike the extrinsic materials filed in support of the Defendants' Motion to Dismiss. In support of this motion, Plaintiffs state as follows:

1. On October 28, 2025, Defendants jointly filed a Motion to Dismiss the well-pleaded allegations set forth in Plaintiffs' First Amended Complaint ("FAC").

2. In their motion, Defendants argue at length that probable cause existed for the arrest and criminal charges brought against Plaintiff Smith. In support of this assertion, Defendants improperly attached and relied on purported body-worn camera footage, and attempted to bolster their version of events with narrative interpretation of the content of that footage. This footage is not referenced in

or central to Plaintiffs' FAC and constitutes extrinsic material outside the four corners of the operative pleading.

3. Although the BWC is public record it is a fact that it exists but should not be used for truth or context see Fed. R. Civ P. 12(d). Plaintiffs ask the courts to only consider information from FAC and possible information in defendants motion.

4. The Defendants' motion also vaguely contends that "Plaintiff could not be ruled out as a suspect" and that drugs were alleged to have been found in the living room where Plaintiff was located at the time the search warrant was executed.

5. Based on these extrinsic materials and generalized assertions, Defendants argue that their officers had probable cause to detain and arrest Plaintiff Smith, and that any constitutional seizures were therefore lawful. These arguments improperly rely on evidence not contained within, or integral to, the pleadings, and seek to circumvent the correct legal standard for ruling on Fed. R. Civ. P. 12(b)(6) motion and Rule Fed. R. Civ P. 12(d).

6. Even when considering Defendants' proffered materials in the light most favorable to Plaintiff Smith, the only uncontested facts are that Plaintiff Smith was present at the scene, drugs were found in various rooms throughout the house, and Plaintiff Smith was subsequently arrested. Critically, Defendants

do not allege—either in the four corners of Plaintiffs' complaint or in their own motion—specific facts establishing Plaintiff Smith's constructive possession of the drugs. **Under Georgia law, constructive possession requires more than mere presence or proximity.** In *Hill v. State*, 358 Ga. App. 550, 855 S.E.2d 753 (2021), the Georgia Court of Appeals reversed felony drug trafficking convictions because the State failed to provide sufficient evidence connecting the defendant to drugs found in a residence he neither owned nor rented. The court explained that "**mere presence or proximity to contraband is insufficient to prove constructive possession beyond a reasonable doubt," and that both power and intent to control are required.** In *Hill*, evidence such as the defendant's hiding from police and having a license in the home was **insufficient,** especially where the drugs belonged to someone else and no direct evidence tied the defendant to the narcotics. In the present case, there is no allegation—either in Plaintiffs' complaint or in Defendants' motion—that Plaintiff Smith exercised power or intent to control any contraband, or that any circumstantial evidence excludes reasonable hypotheses of innocence. This is a disputed fact that lends itself to discovery.

7. It is further improper for Defendants to ask the Court to draw factual inferences regarding probable cause or police conduct at this stage.

Determinations as to the reasonableness of an arrest are within the province of the jury, typically requiring expert opinion and evidence outside the record—matters far beyond what is properly considered on a motion to dismiss.

8. The Eleventh Circuit has made clear that a court reviewing a motion to dismiss is confined to the pleadings and materials referenced therein unless an extrinsic document is both (1) central to the plaintiff's claim and (2) undisputed, meaning its authenticity is not in question. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, Defendants' reliance on body-worn camera footage and other exhibits falls far outside these parameters, as such material is neither referenced in Plaintiffs' complaint nor central or undisputed.

9. Moreover, the Defendants did not submit the purported body-worn camera footage in its entirety; rather, they selectively presented only those segments which they believed would support their arguments, while omitting other portions that may be exculpatory or otherwise relevant. Moreover, Defendants failed to provide an affidavit of custodian of records or any other foundational evidence to establish the authenticity or completeness of the video.

10. If the Court does not exclude the BWC footage, it must treat Defendants' filing as a Rule 56 motion for summary judgment, permitting discovery and allowing Plaintiffs an opportunity to respond with evidence.

**WHEREFORE,** for the foregoing reasons, Plaintiffs respectfully request that the Court STRIKE the extrinsic materials filed by Defendants in support of their Motion to Dismiss. Plaintiffs further request that the pending Motion to Dismiss be determined solely upon the allegations contained within the four corners of the First Amended Complaint, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7 .1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5 .1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

Respectfully Submitted,

*/s/ Gabriel Smith*

_____
**GABRIEL SMITH**
PRO-SE PLAINTIFF
Email:   smith.gtaylor21@gmail.com

*/s/ Mae Amin*

_____

**MAI AMIN**
Pro-Se Plaintiff
Email: maiamin@icloud.com

320 Baldwin Road Apartment 302
Odenton, Maryland 21113
717-414-3441
Fax: 443-213-1480