Case 1:25-cv-06152-TRJ   Document 12   Filed 11/20/25   Page 1 of 6

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GABRIEL SMITH and MAI AMIN, )<br>)<br>Plaintiffs, )<br>)<br>vs )<br>)<br>)<br>OFFICER MATTHEW P. ABAD, In his )<br>Individual and Official Capacity and )<br>SERGEANT ANDREW MOLINE, In his )<br>Individual and Official Capacity and )<br>OFFICER JOHN DOE, In his Individual )<br>and Official Capacity and CITY OF )<br>ATLANTA, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE NO. 1:25-cv-06152-TRJ |

## CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

**COME NOW**, Defendants City of Atlanta (hereinafter, "the City"), Officer Matthew P. Abad (hereinafter, "Officer Abad"), by special appearance, and Sergeant Andrew Moline (hereinafter, "Sgt. Moline"), by special appearance, collectively, "City Defendants", by and through undersigned counsel, hereby file this Opposition to Plaintiffs' Motion to Strike. For the reasons stated herein, City Defendants request that Plaintiffs' Motion to Strike be denied:

## I.   ARGUMENT

On October 28, 2025, City Defendants filed with this Court their Notice of Removal (Doc. 1) alongside their Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 3). Within their Motion, City Defendants incorporated body worn camera footage pursuant to the incorporation-by-reference doctrine, an exception to the rule that a district court must limit its consideration to the pleadings and any attached exhibits.[1] In *Johnson v. City of Atlanta*, 107 F.4 1292, 1300 (11th Cir. 2024) the 11th Circuit Court of Appeals further clarified that the incorporation-by-reference doctrine allows federal trial courts within Florida, Georgia, and Alabama to consider documents on a motion to dismiss or motions for judgment on the pleadings that were not referenced in or attached to the complaint if the document is 1) central to the plaintiff's claims, and 2) undisputed.

On November 10, 2025, Plaintiffs filed their Motion to Strike Extrinsic Materials Filed in Support of Defendants' Motion to Dismiss, arguing that the body worn camera footage is not central to their allegations. However, Plaintiffs' entire case rests on the premise that Plaintiff Smith was arrested without probable cause, and the body worn camera footage shows the circumstances surrounding his arrest. Plaintiff Smith cannot reasonably contest the validity of body worn camera footage wherein he identifies himself by name and declines to make any

---

[1] *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023).

further statement without a lawyer present.² Plaintiff also cannot reasonably dispute the video footage showing a large quantity of drugs located in the living room of the home where the search warrant was executed and where Plaintiff was first located. ³

Additionally, Plaintiff argues that the body worn camera footage was not provided in its entirety. Attached to this Opposition as Exhibit A is a Certification of Business Records, certifying that the attached body worn camera footage represents "a true and correct copy of the original records that are in the possession of [the Atlanta Police Department]."

## II.   CONCLUSION

Therefore, because the body worn camera footage is central to Plaintiff Smith's allegation that his arrest lacked probable cause and because the contents of the footage cannot reasonably be disputed, City Defendants request that this Court deny Plaintiffs' Motion to Strike.

---

² Axon Body 3 Video 2023-07-21 1103 X60A9266R, beginning at 1:04:20/2:38:05. Upon information and belief, Officer Reeves' body worn camera was being used by Investigator Griffin at this time in the video.
³ Axon Body 3 Video 2023-07-21 1102 X60A9599Q, beginning at 0:06:00/0:32:02

3

## CERTIFICATE OF FONT

I hereby certify that the foregoing **City Defendants' Opposition to Plaintiffs' Motion to Strike** was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1(C).

This 20th day of November, 2025.

/s/ *Jared Casto*
**JARED CASTO**
**Associate Attorney**
Georgia Bar No 216492
(470) 858-7102 *Direct*
jacasto@atlantaga.gov
***Attorneys for City Defendants***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Office: (404) 546-4100 (*main*)
Fax: (404) 225-5756 (*fax*)

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GABRIEL SMITH and MAI AMIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| vs ) | |
| ) | FILE NO. 1:25-cv-06152-TRJ |
| OFFICER MATTHEW P. ABAD, In his ) | |
| Individual and Official Capacity and ) | |
| SERGEANT ANDREW MOLINE, In his ) | |
| Individual and Official Capacity and ) | |
| OFFICER JOHN DOE, In his Individual ) | |
| and Official Capacity and CITY OF ) | |
| ATLANTA, ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that on this day, ***CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE*** was electronically filed using this Court's filing system and all parties listed below were served electronically and USPS as follows:

Gabriel Smith (Pro Se)
Mai Amin (Pro Se)
320 Baldwin Road Apt. 302
Odenton, Maryland 21113
Smith.gtaylor21@gmail.com
maiamin@icloud.com

This 20th day of November, 2025.

**RESPECTFULLY SUBMITTED,**

*/s/ Jared Casto*
**JARED CASTO**
**Associate Attorney**
Georgia Bar No 216492
(470) 858-7102 *Direct*
jacasto@atlantaga.gov
***Attorneys for City Defendants***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Office: (404) 546-4100 (*main*)
Fax: (404) 225-5756 (*fax*)