# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GABRIEL SMITH and MAI AMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. 1:25-cv-06152-TRJ |
| OFFICER MATTHEW P. ABAD, In his ) | |
| Individual and Official Capacity and ) | |
| SERGEANT ANDREW MOLINE, In his ) | |
| Individual and Official Capacity and ) | |
| OFFICER JOHN DOE, In his Individual ) | |
| and Official Capacity and CITY OF ) | |
| ATLANTA, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## CITY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

**COME NOW**, Defendants City of Atlanta (hereinafter, "the City"), Officer Matthew P. Abad (hereinafter, "Officer Abad"), by special appearance, and Sergeant Andrew Moline (hereinafter, "Sgt. Moline"), by special appearance, collectively, "City Defendants", by and through undersigned counsel, hereby file this Reply in Support of their Motion to Dismiss. For the reasons stated herein, City Defendants request that their Motion to Dismiss be GRANTED:

1

## I. ARGUMENT AND CITATION OF LAW

### A. PROBABLE CAUSE FORCLOSES PLAINTIFFS' CLAIMS.

Plaintiffs' Opposition is premised on the misguided assertion that the standard for probable cause and the standard for criminal conviction are the same. However, "[t]he facts necessary to establish probable cause for arrest are much less than those required to prove guilt beyond a reasonable doubt at trial".[1] This conflation is evident in Plaintiffs' assertion that "Defendants' theory reduces the probable cause inquiry to little more than guilt by proximity." (Doc . 14 at 8). At no point have the City Defendants argued that Plaintiff Smith was guilty beyond a reasonable doubt of any alleged criminal activity, and Plaintiff Smith's innocence or guilt is irrelevant to the present inquiry. Rather, City Defendants maintain that *probable cause* existed at the time at the time of Plaintiff Smith's arrest, as shown by the incorporated body worn camera footage.

"An officer has probable cause to arrest if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."[2] As averred in City

---

[1] *Brown v. State*, 302 Ga. App. 272, 274 (2010) (citing Gregoire v. State, 285 Ga.App. 111, 113(1) (2007).
[2] *Ruch*, 2019 WL 1407012, at *6 (citing *Carter v. Butts Cty.*, 821 F.3d 1310, 1319 (11th Cir. 2016)).

2

Defendant's Motion to Dismiss and shown by the incorporated body worn camera footage, it is undisputable that Plaintiff was an occupant of a home where a search warrant was executed and a large quantity of illicit drugs was found. When officers first enter the home, Plaintiff Smith, who can be seen wearing a green shirt, is located in the living room and is asked to crawl out of the home with the other suspects.[3] Officer Abad's bodycam footage depicts the subsequent search of the residence, revealing large quantities of illicit drugs in plain view in the living room, where Plaintiff Smith was first located, as well as in other areas of the home.[4] When an officer speaks with Plaintiff Smith at the scene, Plaintiff Smith's only statement beyond basic identifying information is "That firearm is mine. The one she took off my person, that one is mine. And anything else, I'd like to speak to an attorney for the rest."[5]

The facts and circumstances as shown in the body worn camera footage provide clear support for Plaintiff Smith's arrest. Nonetheless, in their Opposition, Plaintiffs mischaracterize the footage and rely on unsupported conclusions to distract the Court from the simplicity of Plaintiff Smith's arrest. Plaintiff suggests that because officers made comments of a "main target" of the raid that he "was not the

---

[3] Axon Body 3 Video 2023-07-21 1102 X60A9599Q, hereinafter "Reeves BWC", beginning at 0:06:00/0:32:02. Upon information and belief, Officer Reeves' body worn camera was being used by Investigator Griffin at this time in the video.
[4] Warrant 489 Cairo, hereinafter "Abad BWC", beginning at 0:32:20/2:31:47.
[5] Reeves BWC beginning at 1:04:20/2:38:05.

subject of law enforcement's suspicion or the focus of the operation." (Doc. 14 at 10). This statement demonstrates Plaintiff's fundamental misunderstanding of probable cause. The existence of a "main target" does not foreclose the reasonable inference that other individuals in the home were also engaged in illegal activity. Based on the facts and circumstances, Defendant Officers were within their right to make such inference. The facts that led to Plaintiff Smith's arrest are straightforward: he was located in a home with plain view illicit narcotics and he provided no information at the scene that would have unequivocally excluded him as a suspect. Under these circumstances, Defendant Officers made a reasonable decision to place Plaintiff Smith under arrest.

Plaintiff correctly acknowledges in his Opposition that probable cause for an arrest "does not require conclusive evidence and is not a high bar."[6] However, Plaintiff relies on *Hill v. State*, wherein the Court of Appeals considers the necessary to establish constructive possession for purposes of a *criminal conviction*.[7] Critically, *probable cause* is not at issue in *Hill* and the facts of the case are also distinguishable. In *Hill*, unlike the present matter, an appellant was arrested in a home where narcotics were *concealed* throughout. Plaintiff Smith, however, was present in a room where a large quantity of plain view narcotics were subsequently

---

[6] *Washington v. Howard*, 25 F. 4th 891, 898-99 (citing *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018)).
[7] *Hill v. State*, 360 Ga. App. 143 (2021).

observed by officers. Accordingly, *Hill* provides no support for Plaintiff Smith's assertion that probable cause did not exist at the time of his arrest.

### i. *This Court must accept the depiction within the body worn camera footage not the Plaintiffs' contradictory allegations*

Plaintiff Smith asserts that his "pleading contains more than enough factual material to permit a reasonable jury to find a lack of probable cause for his arrest, detention, and prosecution." (Doc. 14 at 11). However, the video affirmatively shows Plaintiff Smith in the presence of a large quantity of plain view narcotics. Further, where a video is clear and obviously contradicts a plaintiff's alleged facts, the court accepts the video's depiction instead of the complaint's account,[8] and views the facts in the light depicted by the video."[9] The footage contradicts the Plaintiffs' assertion that the officers in this case lacked probable cause. Therefore, it matters not that the facts alleged in Plaintiffs' Amended Complaint are "facially plausible" (Doc. 14 at 11) because this Court must view the facts in the light depicted by the video, instead of Plaintiffs' contradictory and unsupported assertions.

### ii. *Because there was probable cause, Plaintiffs' state law claims fail as a matter of law.*

Plaintiff Smith contends that Defendant Officers arrested him without probable cause, despite Plaintiff Smith's conduct evincing the contrary. Plaintiff

---

[8] *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010).
[9] *Scott v. Harris*, 550 U.S. 372, 381 (2007).

Smith argues a total want of probable cause for his arrest, relying entirely on the threadbare allegations made in his Amended Complaint which – as averred above – are contradicted by the incorporated body worn camera footage. Because probable cause is an absolute defense to a malicious prosecution claim, Plaintiff's claim must fail as a matter of law.[10]

Plaintiff Smith also relies on a supposed showing of malice to support his malicious prosecution claim, yet malice alone does not amount to malicious prosecution if there was in fact probable cause.[11] Plaintiff refers to the need for discovery to obtain "the prosecutions [sic] file" and "grand jury transcript." (Doc. 14 at 21). However, Plaintiff lacks the knowledge or simply misunderstands that such documents would be in the possession of Fulton County rather than the City of Atlanta, as the Office of the Fulton County District Attorney prosecuted and ultimately dismissed his case. Accordingly, because there was probable cause for Plaintiff Smith's arrest, his state law malicious prosecution claim must be dismissed.

Similarly, as argued in City Defendants' Motion to Dismiss, Plaintiffs' state law false arrest, false imprisonment, assault, and battery claims must be dismissed. These claims rely on the false premise that Plaintiff Smith was arrested without

---

[10] *Holmes v. Achor Ctr., Inc.*, 260 Ga. App. 882, 884 (2003)
[11] *Trident Wholesale, Inc. v. Brown*, 370 Ga. App. 505, 510-511 (2024).

probable cause, which the footage clearly refutes. Plaintiff Amin's loss of consortium claim must, likewise, be dismissed.

### iii.     *Plaintiff's § 1983 malicious prosecution claim is barred because his arrest was valid.*

In their Opposition, Plaintiffs rely on unsupported claims from their Amended Complaint to support their § 1983 malicious prosecution claim. However, as City Defendants argued fully in their Motion to Dismiss, Plaintiff Smith can never establish two vital elements of malicious prosecution under § 1983 which are: 1) an arrest with malice and without probable cause; and 2) that there was an unreasonable seizure made in violation of the Fourth Amendment, such as an arrest made without probable cause.[12] The presence of probable cause, as shown by the incorporated body worn camera footage, precludes all of Plaintiff Smith's claims, including his § 1983 malicious prosecution claim.

### iv.     *Officer Abad and Sgt. Moline are entitled to qualified immunity.*

As fully argued in City Defendants Motion to Dismiss, in a § 1983 action, qualified immunity protects public officials from lawsuits brought against them in their individual capacity. 42 U.S.C. § 1983.[13] Under the doctrine of qualified immunity, "government officials performing discretionary functions are generally

---

[12] *Manners*, 891 F.3d at 975
[13] *See Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027 (11th Cir. 2008).

shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[14]

Because the facts and circumstances shown in the body worn camera footage evidence a lawful arrest preceded by probable cause, Officer Abad and Sgt. Moline were undoubtedly performing a discretionary function. After City Defendants made this argument in their Motion to Dismiss, the burden shifted to Plaintiffs to: 1) establish that the arrest was in violation of Plaintiff Smith's constitutional rights; and 2) that the violation was clearly established at the time of his arrest.[15]

In their Opposition, Plaintiffs rely only on the threadbare allegations within their Amended Complaint, rather than responding to or refuting any argument made in City Defendants' Motion to Dismiss (*See* Doc. 14 at 25-28). Plaintiffs have failed to show a clearly established violation of a constitutional right at the time of Plaintiff Smith's arrest. Accordingly, this Court should dismiss all counts against Officer Abad and Sgt. Moline, as qualified immunity is total immunity from suit, rather than defense to a particular charge.[16]

**B. PLAINTIFFS HAVE NOT ADEQUATELY PLED § 1983 MONELL LIABILITY PREMISED ON "FAILURE TO TRAIN" OR "SUPERVISORY LIABILITY."**

---

[14] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
[15] *See Christmas*, 51 F.4th at 1354; *see also Grider*, 618 F.3d at 1254.
[16] *Manners v. Cannella*, 891 F.3d 959, 967 (2018).

In their Opposition, Plaintiffs rely on unsupported claims from their Amended Complaint to support their § 1983 "failure to train" claim. As argued fully in City Defendants' Motion to Dismiss, to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.[17] "A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation'."[18] The U.S. Supreme Court has instructed that "there are only 'limited circumstances' in which an allegation of a failure to train [or to supervise] can be the basis for liability under § 1983."[19] These limited circumstances occur only where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights."[20]

In their Opposition, Plaintiff Smith has still failed to plead facts beyond an individualized experience with the officers who executed the search warrant. (*See generally*, Doc. 2 and Doc. 14). It is well established that a single incident, without

---

[17] *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).
[18] *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).
[19] *City of Canton v. Harris*, 489 U.S. 378, 387 (1989); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir.1998).
[20] *City of Canton*, 489 U.S. at 389-91.

9

more, is insufficient to impose *Monell* liability under this theory.[21] In their Opposition, Plaintiffs provide no specific examples, and threadbare allegations are insufficient to establish a municipal policy, custom, or pattern under *Monell*. Plaintiffs have also alleged no articulable constitutional violation, as the incorporated body worn camera footage shows – beyond any reasonable dispute – that probable cause preceded Plaintiff Smith's arrest. The lack of a constitutional violation also bars a supervisory liability claim against Sergeant Moline, as fully argued in City Defendants' Motion to Dismiss.

### C. PLAINTIFFS' "DECLARATORY JUDGMENT AND EXPUNGEMENT/SANITIZATION OF CRIMINAL RECORD" CLAIM IS MOOT.

In Count X of Plaintiffs' Amended Complaint, Plaintiff seeks declaratory relief pursuant to O.C.G.A § 9-4-2 and asks the court that declare "that the maintenance of a public criminal record…is unlawful, unjust, and contrary to the interests of justice, and that the record should be sealed, expunged, or otherwise sanitized to prevent further harm."[22]

In its Motion to Dismiss, the City requested dismissal of this claim on the basis that "Plaintiff has neither alleged nor shown that he has complied with the

---

[21] *Id.* at 1350-52.
[22] Complaint at ¶ 120.

prerequisites of having his record expunged, i.e. petitioning *the court in which was accused* to restrict access to his criminal history." In their Opposition, Plaintiffs have attached as Exhibit A Plaintiff Smith's record restriction showing that any criminal charges related to the conduct described in the Amended Complaint and shown in the incorporated body worn camera footage has already been restricted by the Office of the Fulton County District Attorney (Doc. 14 at 32).

In the State of Georgia, "record restriction" is analogous to expungement and is defined in O.C.G.A. § 35-3-37(a)(6) as follows:

> "Restrict," "restricted," or "restriction" means that the criminal history record information of an individual relating to a particular offense shall be available only to judicial officials and criminal justice agencies for law enforcement or criminal investigative purposes or to criminal justice agencies for purposes of employment in accordance with procedures established by the center and **shall not be disclosed or otherwise made available to any private persons or businesses** pursuant to Code Section 35-3-34 or to governmental agencies or licensing and regulating agencies pursuant to Code Section 35-3-35.[23]

Plaintiff Smith's showing that these charges have already been restricted to the fullest extent permitted by Georgia law renders Count X of his Amended Complaint moot. Plaintiff Smith does not have a "public criminal record," as he avers, and there is no further remedy available to him. Accordingly, Plaintiffs' claim for declaratory relief should be denied.

---

[23] O.C.G.A. § 35-3-37(a)(6) (emphasis added).

## II.   CONCLUSION

Based on the foregoing, the City Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' Complaint and dismiss all of Plaintiffs' claims against them in their entirety.

This 29th day of December, 2025.

          **RESPECTFULLY SUBMITTED,**

          **PATRISE PERKINS-HOOKER**
          **City Attorney**
          Georgia Bar: 572358
          *(please direct all communications to the undersigned attorneys)*

          /s/ *Jared Casto*
          **JARED CASTO**
          **Associate Attorney**
          Georgia Bar No 216492
          (470) 858-7102 *Direct*
          jacasto@atlantaga.gov
          **STACI J. STRICKLAND**
          **Deputy Division Chief**
          Georgia Bar No. 601594
          (404) 546-4083 *Direct*
          sjmiller@atlantaga.gov

          ***Attorneys for Defendant***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Office: (404) 546-4100 (*main*)

## **CERTIFICATE OF FONT**

I hereby certify that the foregoing **City Defendants' Reply in Support of their Motion to Dismiss** was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1(C).

> *BY:* /s/ *Jared Casto*
> **JARED CASTO**
> **Associate Attorney**
> Georgia Bar No 216492
> (470) 858-7102 *Direct*
> jacasto@atlantaga.gov
> **STACI J. STRICKLAND**
> **Deputy Division Chief**
> Georgia Bar No. 601594
> (404) 546-4083 *Direct*
> sjmiller@atlantaga.gov

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| GABRIEL SMITH and MAI AMIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OFFICER MATTHEW P. ABAD, In his )<br>Individual and Official Capacity and )<br>SERGEANT ANDREW MOLINE, In his )<br>Individual and Official Capacity and )<br>OFFICER JOHN DOE, In his Individual )<br>and Official Capacity and CITY OF )<br>ATLANTA, )<br>)<br>)<br>Defendants. )<br>)<br>_____ ) | CIVIL ACTION<br><br>FILE NO. 1:25-cv-06152-TRJ |

## **CERTIFICATE OF SERVICE**

This is to certify that on this day, ***CITY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS*** was electronically filed using this Court's filing system and all parties listed below were served electronically as follows:

Gabriel Smith (Pro Se)
Mai Amin (Pro Se)
320 Baldwin Road Apt. 302
Odenton, Maryland 21113
smith.gtaylor21@gmail.com
maiamin@icloud.com

14

This 29th day of December, 2025.

                                        **RESPECTFULLY SUBMITTED,**

                                        /s/ *Jared Casto*
                                        **JARED CASTO**
                                        **Associate Attorney**
                                        Georgia Bar No 216492
                                        (470) 858-7102 *Direct*
                                        jacasto@atlantaga.gov
                                        ***Attorneys for Defendant***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Office: (404) 546-4100 (*main*)